**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PERCIVAL CHARLES FERRIS, JR.,

    Plaintiff,

v.                                                  Case No. 3:13-cv-1534-J-32PDB

THERSE O'NEAL,

    Defendant.

## ORDER

Plaintiff, an inmate incarcerated at Columbia Correctional Institution (hereinafter CCI) who is proceeding pro se, has filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. #3) (hereinafter Motion). Plaintiff contends that Defendant Therse O'Neal, a Librarian Technician Assistant at CCI, deprived Plaintiff of his right to access to the courts by refusing to type and photocopy his memorandum of law in support of a mandamus action he filed in state court. In his Motion, Plaintiff requests the Court to issue an order requiring that he be transferred to Avon Park Correctional Institution, where he can obtain adequate access to the law library and legal services.

As an initial matter, Plaintiff's Motion is due to be denied for his failure to comply with the strictures of Fed. R. Civ. P. 65(b) and Local Rule 4.05(b). Specifically, he did not prepare a proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d) of the Federal Rules of Civil Procedure.

Plaintiff also failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c).

Moreover, upon review of the record, Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (footnote omitted). The movant must clearly establish the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Here, Plaintiff has failed to meet his burden of persuasion as to these four prerequisites for injunctive relief. Also, Plaintiff does not explain why an order requiring him to be transferred from CCI to Avon Park Correctional Institution is necessary to avoid irreparable injury.

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Additionally, such relief is inappropriate.

> The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), <u>cert</u>. <u>denied</u>, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987).  Here, Plaintiff's request for transfer does not implicate preserving the status quo but rather seeks to alter it.  Also, such a request would involve the court's interference in the daily operations of the prison system.  Correctional officials are accorded wide latitude by the courts in the administration of their facilities, and federal courts are admonished to defer to the judgment of such officials with respect to administrative decisions.  <u>Cruz v. Beto</u>, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974).  Moreover, an inmate has no constitutional right to incarceration in a correctional facility of his choice.  <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); <u>Montanye v. Haymes</u>, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).

<u>Baer v. McNeil</u>, No. 5:09cv222/SPM/EMT, 2010 WL 2306429, at *1 (N.D. Fla. May 6, 2010), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> <u>Baer v. McNeil</u>, No. 5:09cv222/SPM/EMT, 2010 WL 2306425 (N.D. Fla. June 8, 2010).  Therefore, for all of the above-stated reasons, Plaintiff's Motion (Doc. #3) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of December, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

ps 12/16
c:
Percival Charles Ferris, Jr.

3